UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEX JACOBS, ON BEHALF OF**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

               **Plaintiffs,**

**-vs-**                                              **Case No. 6:08-cv-597-Orl-28DAB**

**FORE PROPERTY COMPANY,**

               **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 17)**
>
> **FILED:**      October 17, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 12), Plaintiff was employed by Defendant as an assistant superintendent from April 2007 to April 2008. Plaintiff sought $9,172.80 for 20 hours per week of overtime for 52 weeks, plus an equal amount in liquidated damages. Doc. No. 12. The settlement to Plaintiff of $6,000 in unpaid wages and liquidated damages represents approximately 66% of the $9,172.80 principal amount Plaintiff sought.

Defendant's Verified Summary of Hours (Doc. No. 13-2) states that Plaintiff was treated as a salaried exempt employee and Defendant did not maintain accurate time records recording Plaintiff's hours. However, Defendant conceded that Plaintiff worked a regular work schedule of 7:00 a.m. to 5:00 p.m., Monday through Friday, with one hour off for lunch, plus four to five hours every other Saturday. Doc. No. 13-2. Defendant asserted that Plaintiff was exempt from overtime under the "administrative" exemption, and contended that Plaintiff was regularly engaged in work related to Defendant's management and exercised independent discretion over matters of significance. Doc. No. 17. Plaintiff acknowledged that even if he was able to prevail on the liability issue, there was also a bona fide dispute over the number of overtime hours Plaintiff worked. Doc. No. 17.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from April 18, 2008 to October 16, 2008. Mr. C. Ryan Morgan has stated that his hourly rate charged in previous FLSA cases is $300. Typical costs average approximately $400 for filing fee and service of process charges. Thus, for a $3,600 fee, approximately 12 hours were spent on the case. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of **$6,000** to Plaintiff for unpaid wages and liquidated damages, and **$4,000** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED in Orlando, Florida on October 22, 2008.**

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

**Counsel of Record**

**PLEASE NOTE**: **Photo I.D.** is required to enter the United States Courthouse. Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.